UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:23-cv-01493-CDB (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF CASE NUMBER 1:23-CV-01192-GSA (PC)**<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Eric Lebron Springs is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed the Complaint initiating this action and a Motion to Proceed in Forma Pauperis on October 20, 2023. (Docs. 1-2).

Previously, on August 10, 2023, Plaintiff filed a civil rights complaint in *Springs v. D. Prince*, Case No. 1:23-cv-01192-GSA (PC) (Doc. 1). It appears that Plaintiff's complaint in the instant action advances nearly identical allegations as advanced in the *Springs v. D. Prince* action noted above regarding correctional officers' use of physical force upon Plaintiff on April. 4, 2023. (Docs. 1, 8, 9).

**DISCUSSION**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880,

---

[1] Plaintiff's complaint does not cite 42 U.S.C. § 1983, but instead, purports to assert a claim pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b). (Doc. 1 p. 1).

904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id*. (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

In the instant complaint, Plaintiff raises a claim against the United States of America for an alleged assault and battery perpetrated by Lieutenant D. Prince, Lieutenant J. Martinez, Officer J. Neal, Officer M. Miramontez, and Officer Venezuela. (Doc. 1 p. 3). Plaintiff requests $155,000.00 in compensatory damages for pain and suffering, Post Traumatic Stress Disorder ("PTSD"), severe emotional distress, and insomnia because of the alleged assault. *Id*. at 6. The complaint alleges that the assault occurred on April 4, 2023, after Plaintiff complained that his legal documents were wrongfully confiscated and that he would file a report against the alleged perpetrators.

In his earlier filed complaint still pending before the Hon. U.S. Magistrate Judge Gary S. Austin (filed August 10, 2023), Plaintiff similarly raised a claim against Defendant D. Prince which describes the same alleged assault on April 4, 2023. Plaintiff's First Amended Complaint, filed on September 5, 2023, alleges facts that are identical to the instant complaint, and Plaintiff currently seeks to add the United States of America as a defendant. *Springs v. D. Prince*, Case

1 | No. 1:23-cv-01192-GSA (PC) (Docs. 1, 8, 9).

2 |     Since Plaintiff's claims appear to be identical to the claims he brought in *Springs v. D.*
3 | *Prince*, Case No. 1:23-cv-01192-GSA (PC), the Court will order Plaintiff to show cause why this
4 | case should not be dismissed as duplicative of Case No. 1:23-cv-01192-GSA (PC).

5 |     Accordingly, it is HEREBY ORDERED that within 21 days from the date of this order,
6 | Plaintiff shall show cause in writing why this case should not be dismissed as duplicative of Case
7 | No. 1:23-cv-01192-GSA (PC).

8 |     If Plaintiff fails to timely file a response to this Order, the Undersigned will issue Findings
9 | and Recommendations to a District Judge that this action be dismissed for the reasons set forth
10 | above.

11 |     Failure to timely comply with this Order will result in the imposition of sanctions.

12 | IT IS SO ORDERED.

13 |     Dated: __**November 14, 2023**__
14 |                                      UNITED STATES MAGISTRATE JUDGE