UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:23-cv-001493-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>(Doc. 7) |

Plaintiff Eric Springs is a federal prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 15, 2023, Plaintiff filed a motion for the appointment of counsel, in which he states he is "unable to afford counsel" and notes he has requested leave to proceed *in forma pauperis*. Plaintiff further represents that his imprisonment will limit his ability to litigate his action and that he has limited access to the law library at the place of his confinement. (Doc. 7).

**I.　　DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Because this case is still at an early stage of the proceedings, Plaintiff's complaint has not yet been screened pursuant 28 U.S.C. § 1915A(a), and the defendant in this matter has not yet been served. It is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) (finding that determination on plaintiff's likelihood of success was premature since defendants have not yet responded to the complaint). Moreover, the Court has held consideration of Plaintiff's application to proceed *in forma pauperis* in abeyance having determined this action is nearly identical to another pending action styled *Springs v. D. Prince*, No. 1:23-cv-01192-GSA (PC). (Doc. 6). The Court has ordered Plaintiff to show cause why this action should not be dismissed as duplicative of the earlier-filed action and, thus, is unable to evaluate the likelihood of Plaintiff's success on the merits of his claims.

The Court must also evaluate Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. The Court finds that Plaintiff's excessive force claim is not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

Next, as for Plaintiff's inability to afford to hire counsel, that circumstance does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise

warrant the appointment of counsel"); *see also Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider).

Additionally, Plaintiff is advised that limited access to the law library is not an exceptional circumstance because limited law library access is a circumstance common to most prisoners. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law"). Plaintiff is further advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Finally, while the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel.

*Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances that warrant the appointment of counsel. *Rand*, 113 F.3d at 1525.

**II.    CONCLUSION AND ORDER**

For the reasons given above, Plaintiff's motion for the appointment of counsel (Doc. 7) is **DENIED** without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated:   **November 20, 2023**                      _____
                                                                                       UNITED STATES MAGISTRATE JUDGE

4