UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ERIC LEBRON SPRINGS, | Case No.: 1:23-cv-01493-JLT-CDB |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING DEFENDANT TO RESPOND AS PREMATURE |
| UNITED STATES OF AMERICA, | (Doc. 27) |
| Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION AS PREMATURE |
| | (Doc. 29) |
| | ORDER TO DISREGARD NOTICE OF ADMINISTRATIVE OFFSET OF NONTAXABLE DEBT |
| | (Doc. 28) |
| | Clerk of the Court Directed to Return Submission |

Plaintiff Eric Lebron Springs ("Plaintiff") is proceeding pro se and *in forma pauperis* in this action pursuant to the Federal Tort Claims Act ("FTCA").

The Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915 prior to service of the complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Following the Court's first screening order (Doc. 23) and Plaintiff's notice thereafter of his

election to stand on his second amended complaint (Doc. 24), the undersigned issued findings and recommendations to dismiss certain claims on December 13, 2024. (Doc. 26). Currently, the findings and recommendations are before the assigned district judge, pending *de novo* review.

Thus, as the Court has yet to complete screening of Plaintiff's complaint, service on Defendant has not been ordered. Accordingly, Plaintiff's motion for order directing Defendant TO respond (Doc. 27) will be denied as premature. The Court will complete the screening of his complaint in due course.

Additionally, Plaintiff's motion to refer this action to alternative dispute resolution (Doc. 29) will be denied for the same reason. As screening is not complete and, thus, service on Defendant has not been effectuated, referral of this action to alternative dispute resolution would be premature.

Finally, Plaintiff's notice of administrative offset of nontaxable debt appears to be inapplicable here. Plaintiff cites to 31 U.S.C. § 3715(c)(6)(A) for the proposition that legally enforceable nontaxable debts that are past due, namely the filing fee for this action, impose a "mandatory requirement on [the Court] to immediately refer the debt through the United States Department of [the] Treasury for purpose of collecting the debt through the treasury offset program." (Doc. 28 at 1). As Plaintiff is proceeding *in forma pauperis* ("IFP") in this action (Doc. 16), the governing law regarding payment of the statutory filing fee of $350.00 is 28 U.S.C. § 1915. As explained by the Court in its order granting Plaintiff's motion to proceed IFP, Plaintiff is obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Plaintiff's trust account. USP Florence ADMAX is required to send the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory fee is paid in full. *See* (Doc. 16).

The Court is unaware of any relevance of 31 U.S.C. § 3715(c)(6)(A) to the instant action and, as such, Plaintiff's notice of administrative offset of taxable debt (Doc. 28) is to be disregarded.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for order directing Defendant to respond (Doc. 27) is DENIED as premature;

    2.       Plaintiff's motion for referral to alternative dispute resolution (Doc. 29) is DENIED as premature; and

    3.       Plaintiff's notice of administrative offset of nontaxable debt (Doc. 28) is DISREGARDED.

The Clerk of the Court is directed to return to Plaintiff the submission (Doc. 28).

IT IS SO ORDERED.

Dated: **February 4, 2025**

_____
UNITED STATES MAGISTRATE JUDGE