UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 1:23-cv-01493-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE<br><br>(Doc. 31)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION AS PREMATURE<br><br>(Doc. 32) |

Plaintiff Eric Lebron Springs ("Plaintiff") is proceeding pro se and *in forma pauperis* in this action pursuant to the Federal Tort Claims Act ("FTCA").

Following the Court's issuance of its first screening order (Doc. 23) and Plaintiff's notice thereafter of his election to stand on his second amended complaint (Doc. 24), the undersigned issued findings and recommendations to dismiss certain claims on December 13, 2024. (Doc. 26). Currently, the findings and recommendations are before the assigned district judge, pending *de novo* review.

Pending before the Court are Plaintiff's motions seeking that the Court expedite its review of Plaintiff's complaint and refer the action to alternative dispute resolution, filed February 27, 2025. (Docs. 31, 32). This Court does not have an expedited calendar. As of the date of this Order,

the assigned district judge presides over more than 800 civil cases, including more than 280 other prisoner civil rights actions. While the Court regrets the delays in the litigation of this action that are unavoidable given the tremendous judicial resource emergency experienced throughout this District, Plaintiff cites no authority – and the Court is aware of none – to persuade the undersigned that Plaintiff's case merits expedited or favored treatment to the detriment of other cases pending on the Court's docket. The findings and recommendations will be reviewed in due course. Accordingly, Plaintiff's motion for the district judge to consider screening the complaint within the next 30 days (Doc. 31), construed as a motion to expedite, will be denied.

Additionally, Plaintiff's motion to refer this action to alternative dispute resolution (Doc. 32) will be denied for the same reason. As screening is not complete and, thus, service on Defendant has not been effectuated, referral of this action to alternative dispute resolution would be premature.

The Court notes that Plaintiff recently filed a motion to refer this case to alternative dispute resolution (Doc. 29) on January 27, 2025, which the Court denied (Doc. 30) on February 4, 2025, for the same reason as above.

The Court admonishes Plaintiff that his improper filing of precisely the same motion that was ruled upon and denied a short time ago unnecessarily burdens the docket and delays this action yet further.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion to expedite (Doc. 31) is DENIED; and

2. Plaintiff's motion for referral to alternative dispute resolution (Doc. 32) is DENIED.

IT IS SO ORDERED.

Dated:   **March 3, 2025**

UNITED STATES MAGISTRATE JUDGE