UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS, | Case No. 1:23-cv-01493-JLT-CDB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO VACATE SETTLEMENT CONFERENCE |
| v. | |
| UNITED STATES OF AMERICA, | (Doc. 52) |
| Defendant. | |

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* in this action brought pursuant to the Federal Tort Claims Act. The Court has found that Plaintiff states at least one cognizable claim for relief. (Docs. 26, 34). On January 12, 2026, Defendant the United States of America filed an answer to the second amended complaint. (Doc. 38). The action is currently stayed pending a settlement conference scheduled for July 13, 2026, with a pre-settlement conference set for July 6, 2026. (Docs. 49, 50, 51).

Pending before the Court is a filing by Plaintiff titled "notice to opt-out of early settlement conference." (Doc. 52). Therein, Plaintiff states that the case was stayed for 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. Plaintiff asserts that more than 120 days have passed and Defendant has failed to meet and confer with Plaintiff to discuss any resolution of the issues. Plaintiff states that a settlement conference "would be a waste of resources" and requests to opt out of the scheduled conference. *Id.* (citing Doc. 39).

The Court construes Plaintiff's filing as a request to vacate the settlement conference.

However, Plaintiff's filing misconstrues the Court's orders and his request appears based on a misapprehension that Defendant has a duty to meet and confer with Plaintiff in advance of the settlement conference. Plaintiff is mistaken. First, the Court extended the initial 120-day stay by an additional 120 days on May 11, 2026, to facilitate the upcoming settlement conference. *See* (Doc. 51). The action, therefore, remains stayed. Second, the order staying the action did not require either Plaintiff or Defendant to engage in any meet and confer efforts prior to the settlement conference. *See* (Doc. 39). Third, the order setting the settlement conference before an unassigned magistrate judge of this Court did not require either Plaintiff or Defendant to engage in any meet and confer efforts prior to the settlement conference. *See* (Doc. 50). Thus, Defendant was not required to meet and confer with Plaintiff prior to the settlement conference, as a condition of the stay or otherwise; rather, meet and confer efforts outside the settlement conference are permissible rather than mandatory.

Plaintiff requested a settlement conference (Doc. 45), which the Court promptly scheduled (Doc. 50). Moreover, this Court "has broad authority to compel participation in [a] mandatory settlement conference." *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1057 (9th Cir. 2012). Plaintiff's generalized assertions about Defendant's alleged intransigence do not set forth any cause to vacate the upcoming settlement conference.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's construed request to vacate the settlement conference (Doc. 52) is DENIED.

Plaintiff is reminded of his obligation to submit to Magistrate Judge Barch-Kuchta's chambers a confidential settlement conference statement, no later than June 29, 2026, by e-mail at hbkorders@caed.uscourts.gov or by mail at U.S. District Court, Chambers of Judge Barch-Kuchta, 2500 Tulare Street, Room 1501, Fresno, California 93721. The statement should not be filed on the docket nor served on any other party.

IT IS SO ORDERED.

Dated:    **May 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2