UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendants. | Case No.: 1:23-cv-01493-JLT-CDB<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 63)<br><br>ORDER GRANTING MOTION TO DESIGNATE MAIL AS SPECIAL MAIL<br><br>(Doc. 64)<br><br>Clerk of the Court to Include Special Mail Designation on All Mail Sent to Plaintiff |

**Background**

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action brought pursuant to the Federal Tort Claims Act. On July 17, 2026, the Court scheduled the action and directed service of the complaint upon Defendant. (Docs. 61, 62). Pending before the Court are two documents filed by Plaintiff on August 11, 2026. (Docs. 63, 64).

**Discussion**

**A. Renewed Motion to Appoint Counsel**

In his filings, Plaintiff includes a renewed request for appointment of counsel. (Doc. 63). In support of his request, Plaintiff states that the status of his imprisonment will "greatly limit

Plaintiff's ability to interview" a material witness in this case, identified as Brandon Mason, an inmate "confined at United States Penitentiary Coleman, located in Coleman, [Florida] …" (Doc. 63 at 1). Plaintiff states that, pursuant to the Bureau of Prison's ("BOP") policies, "inmates are prohibited from direct communication with other inmates confined in other [BOP] institutions," unless the inmates are family members or co-defendants in a criminal case. *Id.* at 2 (citing BOP Program Statement 5265.14).

Applicable BOP policy states as follows: "An inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution if the other inmate is either a member of the immediate family, or is a party or witness in a legal action in which both inmates are involved." 28 C.F.R. § 540.17. Additionally, the "appropriate unit manager at each institution must approve of the correspondence if both inmates are housed in Federal institutions and both inmates … are a party or witness in a legal action in which both inmates are involved." *Id.* § 540.17(b)(1); *see Johnson v. Zuniga*, No. 1:15-cv-00493-SKO HC, 2017 WL 6513229, at *2 n.5 (E.D. Cal. Dec. 20, 2017) ("BOP regulations prohibit communication between inmates from different facilities without authorization.").

Plaintiff does not assert that he attempted to gain the approval of his unit manager to contact Mr. Mason's unit manager for purposes of interviewing Mr. Mason as a witness in this proceeding. Regardless, the Court finds that such a requirement does not constitute exceptional circumstances warranting the appointment of counsel. As Plaintiff was advised in the Court's prior order denying his motion for appointment of counsel, "the fact that an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance." (Doc. 8 at 3).

Plaintiff has thus far been able to articulate his claims and participate in a settlement conference. *See* (Doc. 60). Additionally, after seeking approval from the respective unit managers, if a dispute remains concerning Plaintiff's ability to correspond with prospective witnesses, Plaintiff may file a discovery motion in this Court to seek relevant evidence. *See Troya v. Wilson*, No. 2:17-cv-00162-WTL-DLP, 2018 WL 4566703, at *2 (S.D. Ind. Sept. 24, 2018) (denying plaintiff's request for counsel and noting that the court attempted to assist plaintiff by allowing him

to file a letter directed to certain inmates at his institution and that defendants "notified the Court that USP-TH would be willing to accommodate Troya's need to correspond with [the inmates] in accordance with Bureau of Prison Program Statement 5265.14 and 28 C.F.R. § 540.17").

Plaintiff is admonished that, prior to filing any such discovery motion, he must comply with the applicable Local Rules and Federal Rules of Civil Procedure, as set forth in the discovery order. Any discovery motion that does not comply with these rules will be stricken and may result in the imposition of sanctions. *See* (Doc. 62 at 2).

Thus, Plaintiff's renewed motion for appointment of counsel will be denied.

**B. Motion to Designate Service Documents as Special Mail**

In his filings, Plaintiff requests that the Court instruct the Clerk of the Court to identify all service copies of court orders as "Inmate Legal Mail – Open in Presence of Inmate." Plaintiff asserts that such a designation "will prevent any unnecessary delays or obstruction of the Court's proceedings and would allow the Plaintiff to respond to any court order in a reasonable timeframe …" (Doc. 64 at 1). Plaintiff states that mail marked as legal mail will be distributed to the inmate's unit team the same day it is received by the prison, and "then delivered directly to the inmate. The inmate will sign for the mail which will document the date and time the inmate received the mail." Plaintiff asserts that, due to "high security measures here at United States Penitentiary Florence ADX, all incoming mail received at the prison that is not marked [as requested] will be forwarded to the prison's special investigation supervisors department for further review and screening." *Id.* at 1-2. Plaintiff states that this review can "take up to approximately three or four weeks, depending on the volume of the incoming mail the investigator receives at that time." *Id.* at 2.

The Court will direct the Clerk of the Court to include the language "SPECIAL MAIL—OPEN ONLY IN THE PRESENCE OF THE INMATE" on all future mail sent from this Court. *See* 28 C.F.R. § 540.18.

///

////

///

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff's renewed motion for appointment of counsel (Doc. 63) is DENIED; and
2. The Clerk of the Court is directed to include the language "SPECIAL MAIL—OPEN ONLY IN THE PRESENCE OF THE INMATE" on all mail sent from this Court to Plaintiff.

IT IS SO ORDERED.

Dated: **August 18, 2026**

UNITED STATES MAGISTRATE JUDGE