UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 1:23-cv-01493-JLT-CDB (PC)<br>ORDER DENYING DEFENDANT'S REQUEST TO SEAL<br>(Doc. 66) |

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* in this action brought pursuant to the Federal Tort Claims Act. The Court has found that Plaintiff states at least one cognizable claim for relief. (Docs. 26, 34). On January 12, 2026, Defendant the United States of America filed an answer to the operative, second amended complaint. (Doc. 38).

Pending before the Court is the notice and request to seal documents by Defendant (Doc. 66), filed on September 30, 2026. Counsel for Defendant also lodged with the Court a motion to seal with supporting memorandum, request to seal, and the document proposed for sealing.

First, Defendant's publicly filed Notice does not comply with Local Rule 141(b), which requires the Notice to "describe generally" both "the documents sought to be sealed" and "the basis for sealing." Because this information is required to be made available on the public docket under Local Rule 141, the Court advises based on the information Defendant lodged with the Court that (1) the document sought to be sealed by Defendant is a letter (the "Letter") it received from a nonparty witness, and (2) the basis for sealing proffered by Defendant is to preserve the safety

and/or anonymity of the nonparty witness.

Second, although the Court acknowledges its authority to grant a party's request to seal litigation documents based on a showing that the public's presumptive right to access court proceedings and documents under the First Amendment to the U.S. Constitution is outweighed by good cause, the Court declines to undertake this analysis. That is because counsel for Defendant seeks to seal the letter for the sole purpose of furthering its separate request that the Court offer an advisory opinion about the procedures for an anticipated deposition. Specifically, in its motion, counsel for Defendant asserts: "The United States makes this sealing request to allow the Court to determine the best procedures available under the governing law to allow the deposition to be conducted in response to [the witness's] concerns."

To begin with, counsel for Defendant inaptly contends that the Letter was intended for the Court. The Letter's envelope reflects that it was directed to and intended for the attorney for Defendant. Specifically, the envelope is addressed to "Alyson A. Berg," noticed counsel for Defendant. Although the envelope also includes "United States District Court" in the addressee information, it also reflects the address of the U.S. Attorney's Office ("Ste. 440[indecipherable]"). That the Letter was intended for Defendant's attorney is confirmed by the Letter's content, which includes the letter writer's request: "Respectful [*sic*] will yall please do this with out me?" This plainly refers to Defendant's noticing of a deposition of the witness, and the witness's request to not participate in the deposition.

Although it has no information before it regarding the referenced deposition, the Court presumes that Plaintiff has received notice of Defendant's anticipated deposition, including the identity of the deponent, and is/was prepared to attend for the purpose of cross-examination. *See* Fed. R. Civ. P. 30(b)(1) & (c). Matters such as the possible sealing of any deposition transcript in the future are not currently ripe for adjudication.

///

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's request to seal (Doc. 66) is DENIED.

IT IS SO ORDERED.

Dated: **October 1, 2026**

UNITED STATES MAGISTRATE JUDGE