UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC LEBRON SPRINGS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:23-cv-01493-JLT-CDB (PC)

ORDER DENYING MOTION FOR ARRANGEMENT OF PLAINTIFF'S ATTENDANCE OF NONPARTY WITNESS DEPOSITION

(Doc. 68)

ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS

(Docs. 69, 70)

Clerk of the Court to Provide Copy of This Order to the Litigation Coordinator and Provide a Copy of the Court's Discovery and Scheduling Order to Plaintiff

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* in this action brought pursuant to the Federal Tort Claims Act.

Pending before the Court are three documents filed by Plaintiff on October 19, 2026, titled "motion for arrangement of plaintiff's attendance of nonparty witness deposition" (Doc. 68), and two motions for subpoena (Docs. 69, 70). Defendant the United States of America ("Defendant") has filed oppositions (Docs. 71, 72).

**I. Motion for Arrangement of Plaintiff's Attendance of Nonparty Witness Deposition**

In his first motion (Doc. 68), Plaintiff requests the Court order Defendant to facilitate his

attendance at the deposition of non-party witness Brandon Mason, for the purposes of cross examination. (Doc. 68 at 1). Plaintiff represents that there is "no direct access to video zoom" at the prison at which he is housed and that it would be impossible for him to attend the deposition. *Id.* at 2.

In general, Plaintiff must be present at the deposition of witnesses noticed by another party in the action. Here, Defendant has confirmed that it arranged for Plaintiff's appearance via Zoom teleconference (Doc. 72). Because he already has received the relief he seeks by his motion, the Court will deny it as moot.

**II. Motion for Subpoena(s)**

In his two remaining motions, Plaintiff seeks the issuance of subpoenas to obtain discovery from the Defendant pursuant to Federal Rule of Civil Procedure 45. (Docs. 69, 70).

Federal Rule of Civil Procedure 45[1] governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3).

Here, as Defendant notes in its opposition (Doc. 71 at 2), the documents Plaintiff seeks are obtainable from Defendant, a party to this action, rather than from a nonparty. Accordingly, Rule 45 does not apply. *See, e.g., Leuelu v. Paul*, No. 1:24-cv-00031-KES-BAM, 2025 WL 2208145, at *1 (E.D. Cal. Aug. 4, 2025) ("the Court will consider granting such a request [for a Rule 45 subpoena] only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents.") (citing Fed. R. Civ. P. 34).

As set forth in the Discovery and Scheduling Order entered by the Court on July 16, 2026 (Doc. 62), Plaintiff should first seek the requested information from Defendant through the

[1] Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Rule 26(b).

appropriate discovery tool (here, a request for production of documents pursuant to Rule 34). If the requested information is not obtained through that process, Plaintiff may seek appropriate relief from the Court.

As a courtesy the Court will direct the Clerk of the Court to provide Plaintiff with a copy of the Discovery and Scheduling Order issued on July 17, 2026. (Doc. 62).

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for arrangement of Plaintiff's attendance of nonparty witness deposition (Doc. 68) is DENIED as moot; and
2. Plaintiff's motions for subpoenas (Doc. 69, 70) are DENIED.
3. The Clerk of Court is directed to send a copy of this order to the litigation coordinator at the Florence Admax penitentiary.
4. The Clerk of Court is directed to provide Plaintiff with a courtesy copy of the July 17, 2026, Discovery and Scheduling Order. (Doc. 62).

IT IS SO ORDERED.

Dated: **October 30, 2026**

UNITED STATES MAGISTRATE JUDGE