UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC LEBRON SPRINGS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:23-cv-01493-JLT-CDB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OVERRULING OBJECTION

(Doc. 74)

ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO HAVE DEFENDANT SERVE PLAINTIFF WITH A CERTIFIED COPY OF FUTURE PLEADINGS

(Doc. 75)

Clerk of the Court to Provide Copy of This Order to the Litigation Coordinator

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* in this action brought pursuant to the Federal Tort Claims Act.

Pending before the Court are two pleadings by Plaintiff styled as "motions." The first motion is titled "Motion for Order Overruling Objection," docketed November 2, 2026, and the second motion, docketed November 10, 2026, is titled "Motion for Order to have Defendant Serve Plaintiff with a Certified Copy of Future Pleadings." (Docs. 74, 75).

## I. Motion for Order Overruling Objection

In his motion, Plaintiff seeks the Court to overrule Defendant's objections filed in response to an interrogatory. (Doc. 74).

As Plaintiff was advised in this Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case issue October 20, 2023, "If a response to discovery is found to be

unsatisfactory, the party seeking discovery may file a motion to compel a further response *and in that case must include a copy of the discovery propounded and the response to it.*" (Doc. 3 at 4, emphasis added). That order further provides that "[a] discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions." *Id*. at 5.

Here, Plaintiff has failed to provide a copy or copies of the discovery he allegedly propounded and the response or responses by Defendant to that discovery. While Plaintiff's motion clearly pertains to an interrogatory that involves identifying a witness or party, the Court will not consider Plaintiff's motion in the absence of access to and review of the specific language used in the request or requests. *See, e.g.*, *Martinez v. Lawhorn*, No. 1:21-cv-01602-JLT-CDB (PC), 2024 WL 774949, at *2-3 (E.D. Cal. Feb. 26, 2024) (denying motion to compel where plaintiff failed to provide copies of earlier requests for production of documents and copies of defendants' responses to his third request for production of documents); *Garbarini v. Ulit*, No. 1:14-cv-01058-AWI-SAB (PC), 2016 WL 4474597, at *2 (E.D. Cal. Aug. 24, 2016) ("Plaintiff's motion is procedurally defective because he failed to attach the discovery requests at issue or the Defendants' responses which he contends are inadequate.").

Because Plaintiff's motion is procedurally defective, it will be denied. Plaintiff may resubmit his motion for this Court's consideration assuming he corrects the deficiencies identified herein.

## II. Motion for Certified Copies

Plaintiff seeks the court to require Defendant to serve Plaintiff with a "certified copy of any future written motions, notice, appearance, demand, or offer of judgment, or any similar paper", and cites Federal Rule of Civil Procedure 5(a)(1)(D) & (E). (Doc. 75).

Rule 5 of the Federal Rules of Civil Procedure governs serving and filing pleadings and other papers, and provides:

> (a) Service: When Required.
>
> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:
> (A) an order stating that service is required;
> (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous

> defendants;
> (C) a discovery paper required to be served on a party, unless the court orders otherwise;
> (D) a written motion, except one that may be heard ex parte; and
> (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

*See* Fed. R. Civ. P. 5(a)(1)(A) - (E).

Relevant to Plaintiff's motion here, Rule (5)(a)(1)(D) & (E) do not require service of a "certified copy." Aside from Rule 5, Plaintiff cites no authority for the proposition that a party must serve only "certified" copies of motions or other pleadings, and the Court is aware of no such authority). Accordingly, the Court will deny Plaintiff's motion.

* * * * *

On prior occasions, the Court has denied numerous of Plaintiff's motions seeking miscellaneous relief. *See* (Docs. 30, 33, 42, 67, 73). The Court admonishes Plaintiff that his pro se status does not excuse non-compliance with the Federal Rules of Civil Procedure or the Court's orders. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well-grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 393 (1990)).

Any filing by Plaintiff of baseless motions that fail to cite applicable authorities warranting the relief sought unnecessarily consumes the Court's limited resources and otherwise unreasonably multiplies these proceedings. Such conduct may subject Plaintiff to the imposition of sanctions, including a recommendation to dismiss this action for any repeated or egregious violations of this order.

## III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for order overruling objection by Defendant (Doc. 74) is DENIED.
2. Plaintiff's motion for order to have Defendant serve Plaintiff with a certified copy of future pleadings (Doc. 75) is DENIED.

3. The Clerk of Court is directed to send a copy of this order to the litigation coordinator at the Florence Admax penitentiary.

IT IS SO ORDERED.

Dated: **November 13, 2026**

UNITED STATES MAGISTRATE JUDGE