UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC LEBRON SPRINGS

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:23-cv-01493-JLT-CDB

ORDER DENYING DEFENDANT'S REQUEST TO STAY PROCEEDINGS

(Doc. 77)

Plaintiff Eric Lebron Springs ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action brought pursuant to the Federal Tort Claims Act.

On November 16, 2026, Defendant United States of America ("Defendant") filed a motion to stay the case, including discovery and motion filing deadlines, for 60 days pending the parties' participation in continued settlement negotiations, including an anticipated (but not yet scheduled) settlement conference to occur on December 11, 2026. (Doc. 77-1).

In support of its motion, Defendant represents that "a brief stay of the case will conserve the Court's and the parties' time and resources and allow the parties to focus their attention on resolving the case." *Id.* at 3.

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery").

The Cout concludes based on the cursory information provided by Defendant in its motion and a consideration of factors the *Landis* court highlighted as relevant to a court's decision whether to stay proceedings demonstrates that a stay is either premature or unwarranted. First, it is unclear whether Plaintiff wishes to participate in a settlement conference—it appears to be Defendant's presumption that he does desire to participate based on his earlier participation in a settlement conference and Defendant's recent transmittal to him of a settlement offer. However, the Court cannot reasonably infer without additional information that Plaintiff wants to proceed to a settlement conference. Second, it is unclear why, in any event, a 60-day stay is appropriate, considering Defendant expresses its desire to participate in a settlement conference approximately three weeks from the date of this order. On balance, the length of the proposed stay and resulting delay, and the harm such a stay may present to Plaintiff in his pursuit of conducting discovery, establish that Defendant's motion should be denied.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Defendant's motion to stay discovery (Doc. 77) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 19, 2026**

UNITED STATES MAGISTRATE JUDGE